USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                                      :
QUANDELL HICKMAN,                          :
                                                                                      :
                                                        Plaintiff, :                    1:20-cv-07205-GHW
                                                                                      :
            -against -                              :                         ORDER
                                                                                      :
THE CITY OF NEW YORK, DEPUTY       :
SHIVRAJ, DEPUTY MORALES, DEPUTY
CARTER, and SECURITY C.O. MCNIEL,    :
                                                                                      :
                                                        Defendants. :
                                                                                      :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

       Plaintiff Quandell Hickman, proceeding *pro se* and *in forma pauperis*, initiated this action on September 3, 2020. Dkt. Nos. 1-3. The Clerk of Court mailed Plaintiff instructions that directed him to submit a written notification to the Court if his address changed. These instructions informed Plaintiff that his case could be dismissed if he failed to do so. *See* Dkt. No. 4.

       On October 14, 2020, the Court was informed that the Clerk of Court was unsuccessful in attempting to serve Plaintiff with the Court's September 18, 2020 order, notifying Plaintiff that an initial pretrial conference had been scheduled in this matter. *See* Dkt. No. 9. The mailing sent to Plaintiff at the address listed on the docket was returned to sender without a forwarding address. On October 20, 2020, the Court reminded Plaintiff of his obligation to update the Court if his address changed and of the Court's authority to dismiss the action if he failed to do so. Dkt. No. 15. The following day, the Clerk of Court sent the Court's orders at Dkt. Nos. 9 and 15 to Plaintiff at the address listed on docket. *Id.* This attempt too was unsuccessful.

       On November 2, 2020, the Court ordered Plaintiff to provide his current address and informed him that if he failed to respond by November 20, 2020, the Court would dismiss this

action for failure to prosecute. *See* Dkt. No. 16. The Clerk of Court mailed that order to Plaintiff at the address listed on the docket. To date, Plaintiff has not responded to the Court's orders.

## I. LEGAL STANDARD

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Although appellate courts apply a number of factors in reviewing a district court's decision to dismiss an action for failure to prosecute, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent."); *Mahadi v. Johnson Controls, Inc.*, No. 02-CV-1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the Court.").

Dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). "[A]ll litigants, including pro ses [sic], have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988). It is Plaintiff's responsibility to "keep[ ] the Court apprised of any changes to [his] notice address . . ., so that orders, notices and other court documents can reach [him]." *Rubin v.*

*Abbott Labs.,* 319 F.R.D. 118, 121 (S.D.N.Y. 2016); *see also Love v. Amerigroup Corp.*, No. 09-CV-4233 (ILG)(RER), 2010 WL 2695636, at *4 (E.D.N.Y. June 2, 2010) ("When a party changes his address, it is his obligation to notify the court of the new address." (collecting cases)); *Hibbert v. Apfel*, No. 99-CV-4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (dismissing case for failure to prosecute where notices sent to pro se plaintiff warning of possible dismissal were returned to sender).

## II.   DISCUSSION

The Court finds that dismissal of Plaintiff's complaint without prejudice is warranted here. As the procedural history recounted above makes clear, Plaintiff has received repeated warnings that failure to provide the Court with his current address could result in dismissal. Plaintiff nonetheless failed to comply with the Court's orders and provide that information. The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Plaintiff's demonstrated disinterest in prosecuting this case— that it is not. *See Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing case where plaintiff was unresponsive despite warnings that the case could be dismissed for failure to prosecute); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040 (KMK), 2017 WL 6948591, at *1–2 (S.D.N.Y. Nov. 28, 2017) (same).

Accordingly, Plaintiff's complaint is dismissed without prejudice for failure to prosecute and failure to comply with numerous orders of the Court.

The Clerk of Court is directed to send a copy of this order to Plaintiff by certified mail. The Clerk of Court is further directed to adjourn all hearings, terminate all pending motions, and to close this case.

SO ORDERED.

Dated: November 30, 2020

_____
GREGORY H. WOODS
United States District Judge