```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
QUANDELL HICKMAN,                                               :
                                                                :
                                    Plaintiff,                  :       1:20-cv-7205-GHW
                                                                :
                     -v -                                       :       ORDER
                                                                :
THE CITY OF NEW YORK, DEPUTY                                    :
SHIVRAJ, DEPUTY MORALES, DEPUTY                                 :
CARTER, AND SECURITY C.O. MCNIEL,                               :
                                                                :
                                    Defendants.                 :
                                                                :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

Plaintiff Quandell Hickman, proceeding *pro se* and *in forma pauperis*, initiated this action on September 3, 2020. Dkt. Nos. 1-3. After the Court was informed that the Clerk of Court was unsuccessful in its multiple attempts to serve Mr. Hickman with the Court's orders, the Court dismissed this action without prejudice for failure to prosecute. Dkt. No. 17. Mr. Hickman subsequently informed the Court that his address was incorrectly listed on the docket. *See* Dkt. Nos. 18-19. Mr. Hickman requested that the Court vacate the dismissal of this action, which the Court granted. *See* Dkt. Nos. 21-22. Since this case was reopened, however, Mr. Hickman has repeatedly failed to take meaningful steps to prosecute this case and to comply with orders of this Court. This pattern of neglect has caused the Court and its staff to expend unnecessary time and resources in trying to move this case forward. For the reasons stated below, this case is dismissed without prejudice for failure to prosecute and for failure to comply with numerous Court orders.

Since this case was reopened at Mr. Hickman's request, he has failed to comply with four of the Court's orders. During the conferences scheduled for March 8, 2021, March 15, 2021, and May

10, 2021, the Court, defense counsel, and the court reporter all appeared on the conference line at the scheduled time and waited for Mr. Hickman to appear. *See* Dkt. Nos. 23, 24, 38. After he failed to do so, the Court adjourned the conferences. In the orders following those conferences, the Court reminded Mr. Hickman that he was required to comply with the Court's orders and that if he failed to do so, his case could be dismissed under Federal Rule of Civil Procedure 41(b). *See* Dkt. Nos. 23, 24, 38.

An initial pretrial and pre-motion conference was scheduled in this matter for June 28, 2021. *See* Dkt. Nos. 38-39. Again, the Court, defense counsel, and the court reporter all appeared on the conference line at the scheduled time and waited for Mr. Hickman to appear. After Mr. Hickman failed to appear, the Court adjourned the conference.

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). "[A]ll litigants, including pro ses [sic], have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988).

The Court finds that dismissal of Mr. Hickman's complaint without prejudice is warranted here. As the procedural history recounted above makes clear, Mr. Hickman has received repeated warnings that

2

failure to comply with the Court's orders could result in dismissal. Mr. Hickman nonetheless failed to comply with the Court's orders and attend the scheduled conferences. The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Mr. Hickman's demonstrated disinterest in prosecuting this case— that it is not. *See Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing case where plaintiff was unresponsive despite warnings that the case could be dismissed for failure to prosecute); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040 (KMK), 2017 WL 6948591, at *1–2 (S.D.N.Y. Nov. 28, 2017) (same). Accordingly, Mr. Hickman's complaint is dismissed without prejudice for failure to prosecute and failing to comply with numerous orders of the Court.

The Clerk of Court is directed to terminate all pending motions, adjourn all deadlines, and close this case. The Clerk of Court is further directed to send a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: June 28, 2021
New York, New York

GREGORY H. WOODS
United States District Judge