```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
QUANDELL HICKMAN,                                                 :
                                                                  :
                                              Plaintiff,          :      1:20-cv-7205-GHW
                                                                  :
                        -v -                                      :      ORDER
                                                                  :
THE CITY OF NEW YORK, DEPUTY                                      :
SHIVRAJ, DEPUTY MORALES, DEPUTY                                   :
CARTER, AND SECURITY C.O. MCNIEL,                                 :
                                                                  :
                                              Defendants.         :
                                                                  :
----------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

The Court has received Plaintiff Quandell Hickman's letter dated January 10, 2021. Dkt. No. 42. The Court construes Plaintiff's letter as a request to reopen his case under Federal Rule of Civil Procedure 60(b). The Court denies that request.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his complaint on September 3, 2020. Dkt. No. 1. On September 4, 2020, the Court entered an order requiring that Mr. Hickman notify the Court of any address changes. Dkt. No. 4. After the Court was informed that the Clerk of Court had been unsuccessful in its multiple attempts to serve Mr. Hickman with the Court's orders, the Court dismissed this action without prejudice for failure to prosecute. Dkt. No. 17. Mr. Hickman subsequently informed the Court that his address was incorrectly listed on the docket. *See* Dkt. Nos. 18-19. Mr. Hickman requested that the Court vacate the dismissal of this action, and the Court granted Mr. Hickman's request. *See* Dkt. Nos. 21-22. In the order reopening Plaintiff's case, the Court noted that Mr. Hickman could apply for ECF access to receive electronic notice of any filings made in his case. Dkt. No. 26.

After the case was reopened, however, Plaintiff failed to comply with a number of the Court's orders and failed to appear for numerous conferences. The Plaintiff was notified of conferences scheduled for March 8, 2021, March 15, 2021, and May 10, 2021 via orders sent to the address that Plaintiff provided. However, while the Court, defense counsel, and the court reporter all appeared on the conference line at the scheduled times, Mr. Hickman did not do so, and the Court adjourned those conferences. *See* Dkt. Nos. 23, 24, 38. In the orders following those conferences—all of which were again sent to the address Mr. Hickman provided—the Court reminded Mr. Hickman that he was required to comply with the Court's orders and that if he failed to do so, his case could be dismissed under Federal Rule of Civil Procedure 41(b). *See* Dkt. Nos. 23, 24, 38.

An initial pretrial and pre-motion conference was scheduled in this matter for June 28, 2021. *See* Dkt. Nos. 38-39. Again, the Court, defense counsel, and the court reporter all appeared on the conference line at the scheduled time and waited for Mr. Hickman to appear. After Mr. Hickman failed to appear, the Court adjourned the conference. Accordingly, the Court dismissed the case without prejudice for failure to prosecute and failing to comply with the numerous orders of the court. Dkt. No. 40.

On January 24, 2022, the Court received a letter from Mr. Hickman dated January 10, 2022. In that letter, Mr. Hickman explained that he had been homeless and had not received the Court's orders, which had been sent to house of his grandmother, who had passed away. Dkt. No. 42.

Fed. R. Civ. P. 60(b) provides, in relevant part, that "a court may relieve a party of its legal representative from a final judgment" in a number of circumstances, including "any other reason that justifies relief." Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994).

2

Such extraordinary circumstances are not present here.  In this case, the Plaintiff has been made well-aware of his obligation inform the Court of any change in address.  Indeed, Mr. Hickman has already been given a second chance to litigate this case, but despite the Court's repeated warnings, he again failed to comply with the Court's orders.  The Court is sympathetic to Plaintiff's circumstances, and expresses its condolences for the loss of his grandmother.  The Court observes that the March 15, 2021 letter from Mr. Hickman notes the fact of his grandmother's passing.  Dkt. No. 25.  Because the case was dismissed without prejudice, the dismissal does not bar Plaintiff from pursuing any timely claims in a new action.  That fact weighs against reopening this case.

At base, Plaintiff failed to satisfy his obligations to inform the Court of his address and to attend Court proceedings.  He did so even after the Court reopened the case to permit him to litigate it.  He should have been well-aware of his obligations, yet he failed to fulfill them.  Therefore, relief from the Court's order dismissing this case is not justified.  Accordingly, the Court declines to reopen this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated:  January 25, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

3